IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-173 |
| | ) | |
| v. | ) | Judge Flowers Conti |
| | ) | Magistrate Judge Caiazza |
| GENERAL HYDROGEN CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

On February 16, 2006, this case was referred to United States Magistrate Judge Francis X. Caiazza for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On June 20, 2007, the magistrate judge issued a Report (Doc. 24) recommending that the the Plaintiff's Motion for Summary Judgment (Doc. 21) be granted regarding liability, but denied regarding damages. Service of the Report and Recommendation was made on the parties, and the Plaintiff filed Objections on July 6, 2007. *See* Doc. 25.

The magistrate judge concluded that "too many 'loose ends'" remained regarding damages for him to "recommend the entry of judgment in a certain amount." *See* R&R at 7. Specifically, the Report found insufficient documentation and/or explanation(s) regarding: (a) finance charges assessed for the Defendant's late payment, *id.* at 5-6; (b) Canadian National's judgment against the Defendant for allegedly related bills, *id.* at 6; (c) charges asserted on behalf of Transflo Corporation, *id.* at 6-7; and (d) payments made under an alleged "separate agreement and payment plan." *Id.* at 7 (citation omitted).

Attached to the Defendant's Objections is an affidavit, made on personal knowledge and with appropriate documentary support, that "ties up" the loose ends identified in the magistrate judge's Report. *See* Aff. of J. Glover (attached as Ex. B to Doc. 25). Specifically, the affidavit establishes that: (a) finance charges were correctly assessed pursuant to Tariff CSXT 8100, as attached; (b) Canadian National's judgment related to demurrage, not the freight charges sought in this case, and there is no overlap; (c) Transflo Corporation is a wholly owned subsidiary of the Plaintiff, and its charges routinely are assessed by CSX, as consistent with the parties' past course of dealing; and (d) the Defendant defaulted on its payment plan, and all payments made thereunder have been credited to its account. *Id.* at ¶¶ 14, 18; *id.* at ¶ 18; *id.* at ¶¶ 15-17; and *id.* at ¶¶ 19-20.

Having failed to timely respond to the Plaintiff's Objections, the Defendant offers nothing to rebut the evidence above. The Plaintiff has proven up all claims disputed by the Defendant, and it therefore is entitled to judgment in the amount requested. *See* Pl.'s proposed order (attached as ex. to Doc. 21) (requesting judgment in amount of $188,449.10).[1]

Thus, after a *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

AND NOW, on this **20th** day of **July, 2007**, IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment (**Doc. 21**) is **GRANTED**, and judgment will be entered in favor of the Plaintiff and against the Defendant in the amount of $188,449.10.

---

[1] The Plaintiff has not requested pre- or post-judgment interest, so none will be awarded.

The Report and Recommendation of Magistrate Judge Caiazza dated June 20, 2007 is adopted as the opinion of the District Court, as supplemented herein.

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc (via email):

Dory L. Sater, Esq.
Kenneth Jay Grunfeld, Esq.
Bernard C. Caputo, Esq.